IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| KATHERINE MOORE, as Administrator of the Estate of LANIE ZIPOY, deceased, and as the Administrator of the Estate of LUCY MOORE,<br><br>   Plaintiff,<br><br>v.<br><br>THE CITY OF MEMPHIS, JOHN DOE, TOYOTA MOTOR CORPORATION, TOYOTA SALES, U.S.A., INC and TOYOTA MOTOR ENGINEERING & MANUFACTURING NORTH AMERICA, INC.,<br><br>   Defendants. | Case No. 2:23-cv-02428-JPM-atc |

**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO SUSPEND SCHEDULING ORDER AND SUBMIT REVISED SCHEDULING ORDER**

Before the Court is Parties' Joint Motion to Suspend Scheduling Order and Submit Revised Scheduling Order. (ECF No. 22.) The Scheduling Order in this case was entered on September 1, 2023. (ECF No. 13.) The Scheduling Order notes that "[b]oth cars involved in the accident . . . are currently in the possession or control of the City of Memphis . . ." and that "Plaintiff [] maintains a request for a restraining order against Memphis to preserve the cars . . . although there is already an agreed order preserving the vehicles." (ECF No. 13 at PageID 130.) The Court noted that "the Parties anticipate that they may request an extension [to the February

1

29, 2024 ADR Deadline] pending their ability to access the cars that are in the possession of Memphis." (Id.)

The Parties moved for, and the court granted, an order extending the ADR deadline by sixty (60) days. (ECF Nos. 20-21.) The Parties' Motion noted that "[e]xtending the ADR deadline w[ould] not hinder the other deadlines included in the Scheduling Order." (ECF No. 20 at PageID 160.) The ADR Deadline was initially set for February 29, 2024. (ECF No. 13 at PageID 130.) The next applicable deadlines (Written Discovery and Disclosure of Plaintiff's Expert Information) were set for May 15, 2024. (Id.) The Court's extension required parties to complete ADR before April 29, 2024. (ECF No. 21.)

Parties now move to suspend the current scheduling order and "submit a revised scheduling order." (ECF No. 22.) In their Motion, as in their prior Motion, they write that they "are diligently working to schedule a joint inspection of the vehicles within sixty (60) days." (ECF Nos. 20, 22.) The Court ordered parties to show cause why their request should not be granted in the absence of documentation of their efforts to schedule a joint inspection. (ECF No. 23.) Parties submitted a joint response, along with one hundred and thirty-six pages of supporting documentation, on May 31, 2024. (ECF No. 24; 24-1.) Parties also indicate that the inspection is currently scheduled for June 12, 2024. (ECF No. 24 at PageID 173.)

Given that the deadlines for disclosure of expert information are set for May 15, 2024 and June 14, 2024 for Plaintiff's and Defendants' experts, respectively, and that the revised ADR deadline has passed, the Court **GRANTS IN PART AND DENIES IN PART** Parties' Motion to Suspend the Scheduling Order. The deadlines for ADR, Depositions, Expert Witness Disclosures and Depositions, and Supplementation under 26(e)(1) are **SUSPENDED** pending a telephonic scheduling conference. All other dates and deadlines (Motions to Exclude Experts

Under F.R.E. 702; Rule 56 Dispositive Motions; Jury Trial; Pretrial Conference; Joint Proposed Pretrial Order and other pretrial documents) remain in force.  A Telephonic Scheduling Conference is set for Tuesday, June 25, 2024 at 9:30 a.m..

**SO ORDERED**, this 17th day of June, 2024.

                                                              */s/ Jon P. McCalla*
                                                              JON P. McCALLA
                                                              UNITED STATES DISTRICT JUDGE